ON SUPERVISORY WRITS TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON
PER CURIAM:
| denied. Relator’s claims regarding the sufficiency of the evidence and those related to his waiver of counsel are repetitive. La.C.Cr.P. art. 930.4. See also State v. Abdul, 11-0863 (La. App. 5 Cir. 4/24/12), 94 So.3d 801, writ denied sub nom. State ex rel Abdul v. State, 12-1224 (La. 10/12/12), 99 So.3d 41, and State ex rel. Abdul v. State, 12-1226 (La. 10/12/12), 99 So.3d 41. As to the remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2. In addition, many of the claims are not preserved for review by contemporaneous objection and relator cannot complain his self-representation was inadequate. Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, n.46, 45 L.Ed.2d 562 (1975); see also State v. Dupre, 500 So.2d 873, 878 (La. App. 1 Cir. 1986). We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see *508 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P, art. 930.4 and within |2the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
*509 [[Image here]]
*510 [[Image here]]
*511 [[Image here]]
*512 After lengthy review of the díte reganWngiepresentaticm mide on appeal, the Court of Appeal finmd no oner by tte trial court, noting: Additionally, wo find that Ok »!iljudge did not abato fcn-clfjcreíton bytl- ■ lowing defendant to represent himtelf with the assurance ofoounael.-Dur-ing the Fartuta hearing, the trial Judge ascertained teat defendant knew the notare of the charges and the maximum penalties for th* ohnrgeo. The trial judge also advised defendant of the dangers and disadvantages of self-representation, and defendant indi catad that he understood them, [tradd!tion, the trial judge determined that defendant had a twelfth grade education, Ho responded uStaiwtivrfy when of hod if ha ws* positive tiiai ho wanted to represent MmselE ⅛ light of the foregoing, it appears olear that defendant?* waiver bf right to counsel was knowingly, intelligently, and voluntarily made, and tost toe assertion of the right to represent bhnself was olear and unequivocal. This assignment of error is without merit. Stats v, Abdul, 94 SoJd Sid. This court, Sitting in post-conviction review, finds that the petitioner has failed to meet his hurden of pioofi He his failed to prove deficient performance by counsel or that tpe rerosta would have been different, absent «tor* of counsel, The petitioner's Fourth Claim is denied. Claim Five to this claim, the petitioner contends that the trial judge erred in telling to declare a mistrial due to remarks made by a juror during hi* trial that vero dearly Usted and prejudicial. He specifically points to a juror disclosing a distant connection with & witness, Notably, the juror was questioned and Indicated under oaft that she oould be Impar-tía!. (⅜ p, 8(5). The state urges this court to find ⅛⅛ claim barred by application of post-conviction procedural rules. By statute, ifthe application alleges a claim ofwtrfeft toe petitioner had knowledge and inexcusably tested to ratee In toe proceedings leading to conviction, fee eourt shall deny relief. LSA-C,Cr,P. art. 930.4(0). The record clearly establishes that the Juror made her remarks in the bearing of the petitioner. The petitioner personally informed the trial Judge tot he was "okay" with the juror. (Tr., p. 91). The petitioner cannot now oonfcad he I» entitled to relief on a procedure he personally agreed to follow. He did not present tills Issue to the trial court in proceedings leading to conviction. Por ⅛⅛ reason, this claim I» barred by application of ÉSA-dCrí. art 930.4(B). Claim Six The next complaint raised is that the 911 tapes should have been excluded because itstoment violate* confientation clause, hearsay provisión*, and evidentiary rules prohibiting evidence of other crimes. The atare notos teat the petitioner felled to object to the atotesioa at these tapes during trial. Therefore, thrice the petitioner had knowledge of this claim, his failure to tais» It in th# proceeding» leading to conviction, warrants denial under LSA-C.CrJ?, art. 930.4(B). Th# court finds tot (Ms claim Is barred by application of iM-C.Cr,p. art 930.4(B). Claim Seven Vis petitioner next contends tot during prosecutor's closing and rebuttal argument, toe state argued frets not in evidence, improperly vouched tor an expert witness, Improperly inerted prosecutor's opinion, «nd ¡mpropody attacked the petitioner's character.
*513 [[Image here]]